*543 OPINION.
Lansdon:
The Commissioner contends that, upon the surrender of the charter of the Carr-Lee Grocery Co. on December 1, 1919, the stockholders thereof, Carr and Lee, received the entire net worth of the assets of the corporation as liquidating dividends, and that *544 thereafter, and until December 31, 1920, they conducted the enterprise as a partnership. He holds that such partnership collected during the year the amount of $41,279.90, which cost nothing, since it was realized from accounts receivable that were appraised as worthless at December 1, 1919, and were excluded from the liquidating dividends received by Carr and Lee. The petitioners contend (1) that, during the taxable year, Carr and Lee were not partners but liquidating trustees of the assets of the dissolved corporation and that, therefore, there could be no additional income until the full amount of the net worth of the assets at December 1, 1919, was realized; (2) that if a partnership existed, the alleged additional income resulting from the collection of accounts receivable acquired without cost should be reduced by the amount of accounts receivable, appraised as good at December 1, 1919, and included in liquidating dividends at that date, which were ascertained to be worthless at December 31, 1920.
The evidence is conclusive that Lee and Carr' took over all the assets and assumed all the liabilities of the corporation. They continued the business in the same manner, with the same customers and under the same name. We are of the opinion that, in the circumstances herein, the absence of a written partnership agreement is not sufficient to sustain the petitioners’ contention that they operated the business as liquidating trustees during the taxable year. See Appeal of S. B. Quigley, 2 B. T. A. 159.
The petitioners admit that they collected accounts receivable that had not been included in the liquidating dividends in the amount of $41,279.90. They contend, however, that other accounts receivable in the amount of $33,440.32, which had been appraised as good and included in the liquidating dividends, were ascertained to be worthless during the taxable year, and should be deducted from gross income. This contention is sound, if there is proof that accounts receivable were ascertained to be worthless and charged off during the year 1920. The only evidence of worthlessness offered is that the corporation formed on January 1, 1921, refused to accept accounts receivable then on the books in the amount of $45,123.12. It is admitted that the accounts now alleged to have been worthless were not charged off the books of the partnership in the taxable year. The evidence in support of the alleged worthlessness of such accounts is insufficient, and the failure to charge off is admitted. The action of the Commissioner in disallowing the deduction of $33,440.32 from the gross income of the partnership for the year 1920 is approved.

Judgment will he entered for the respondent.